---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of **Texas** _____
                                          (State)

Case number *(if known)*: 23-[●] _____  Chapter 11 _____

☐ Check if this is an
  amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | NexCycle, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | Continental Recycling, Inc. |

3. **Debtor's federal Employer Identification Number (EIN)**   6 2 – 1 5 7 9 1 0 9

4. **Debtor's address**

**Principal place of business**

17220 Katy Freeway
Number      Street

Suite 150

Houston          TX      77094
City             State   ZIP Code

Harris
County

**Mailing address, if different from principal place of business**

_____
Number      Street

_____
P.O. Box

_____
City             State   ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number      Street

_____

_____
City             State   ZIP Code

5. **Debtor's website** (URL)   https://www.smi.com/

---

| Debtor | NexCycle, Inc. | Case number (if known) 23-[●] |
|---|---|---|
| | Name | |

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5  6  2  9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☑ A plan is being filed with this petition.
  - ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

| Debtor | NexCycle, Inc. | Case number *(if known)* 23-[●] |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

District _____ When _____ Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor   See Rider 1 _____   Relationship _____

District _____   When _____
                                                    MM  /  DD  / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No   See Rider 2

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number          Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor     NexCycle, Inc.            Case number (if known) 23-[●]
Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/04/2023
          MM  / DD / YYYY

✖ /s/ Paul Garris                 Paul Garris
Signature of authorized representative of debtor       Printed name

Title   Senior Vice President and Chief Financial Officer

---

Debtor     NexCycle, Inc.                         Case number *(if known)*   23-[●]
               Name

---

**18. Signature of attorney**

✗    /s/ Paul E. Heath                  Date    12/04/2023
      Signature of attorney for debtor                     MM  / DD / YYYY

Paul E. Heath
Printed name

Vinson & Elkins LLP
Firm name

845 Texas Ave.
Number     Street

Houston                            Texas       77002
City                                       State       ZIP Code

713-758-3313                        pheath@velaw.com
Contact phone                                Email address

09355050                               Texas
Bar number                                   State

---

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the**
**Debtor in the United States Bankruptcy Court for the Southern District of Texas**

| |
|---|
| American Specialty Glass, Inc. |
| Container Recycling Alliance, LLC |
| NexCycle, Inc. |
| Ripple Glass, LLC |
| SMI BevCon HoldCo, LLC |
| SMI Equipment, Inc. |
| SMI Group Acquisitions, Inc. |
| SMI Group Holdings, LLC |
| SMI Group Ultimate Holdings, Inc. |
| SMI Nutmeg HoldCo, LLC |
| SMI Reflective Industries HoldCo, LLC |
| SMI Reflective Recycling HoldCo, LLC |
| SMI Reflective Recycling NE HoldCo, LLC |
| SMI Topco Holdings, Inc. |
| Strategic Materials Holding Corp. |
| Strategic Materials, Inc. |

**Rider 2**

**<u>Real Property or Personal Property That Needs Immediate Attention</u>**

Question 12, among other things, asks debtors to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

NexCycle, Inc. and its affiliated companies that are also filing voluntary chapter 11 bankruptcy cases in this Court (collectively, the "***Debtors***") are, collectively, a privately held company that is the industry leader in recovering and processing post-consumer and post-industrial glass in North America.  The Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety.  The Debtors note that they are not aware of any definition of "imminent and identifiable" harm as used in this form.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-[_____]** |
| | § | |
| **NEXCYCLE, INC.** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |

## LIST OF EQUITY SECURITY HOLDERS (RULE 1007(A)(3))

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Strategic Materials Holding Corp. | 17220 Katy Freeway, Suite 150 Houston, Texas, 77094 | 100% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-[_____]** |
| | § | |
| **NEXCYCLE, INC.** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |

## CORPORATE OWNERSHIP STATEMENT (RULES 1007(a)(1) AND 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following are corporations, other than the debtor or a governmental unit, that directly own 10% or more of any class of the corporation's equity interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Strategic Materials Holding Corp. | 17220 Katy Freeway, Suite 150 Houston, Texas, 77094 | 100% |

Fill in this information to identify the case:

Debtor name <u>Strategic Materials, Inc., et al.</u>

United States Bankruptcy Court for the: The District of Houston

Case number (If known): _____

☐ Check if this is an amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and Email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BNSF Railway Company<br>2650 Lou Menk Drive<br>Fort Worth, TX 76131 | Attn: Katie Farmer<br>Title: President and Chief Executive Officer<br>Phone: 800-795-2673<br>Email: katie.farmer@bnsf.com | Trade Payable | | | | $    1,104,727 |
| 2 | Waste Management, Inc.<br>800 Capitol<br>Suite 3000<br>Houston, TX 77002 | Attn: James Fish Jr.<br>Title: President and Chief Executive Officer<br>Phone: (713) 512-6200<br>Email: jfish@wm.com | Trade Payable | | | | $     948,935 |
| 3 | HRM Services, Inc.<br>2420 Davistown Road<br>Wendell, NC 27591 | Attn: Bradley Morgan<br>Title: President<br>Phone: (919) 868-2692<br>Email: Hrmservices@protonmail.com | Trade Payable | | | | $     793,369 |
| 4 | CSX Transportation<br>500 Water St<br>15th Floor<br>Jacksonville, FL 32202 | Attn: Joseph R. Hinrichs<br>Title: President and Chief Executive Officer<br>Phone: 904-359-3200<br>Email: joe_hinrichs@csx.com | Trade Payable | | | | $     787,437 |
| 5 | Pilkington<br>811 Madison Avenue<br>Toledo, OH 43604 | Attn: Stephen Weidner<br>Title: President and Head of Architectural Glass North America and Solar Products<br>Phone: (800) 221-0444<br>Email: stephen.weidner@nsg.com | Trade Payable | | | | $     675,991 |
| 6 | Owens Illinois<br>One Michael Owens Way<br>Plaza 2<br>Perrysburg, OH 43551 | Attn: Andres Lopez<br>Title: Chief Executive Officer<br>Phone: 567-336-5000<br>Email: alopez@o-i.com | Trade Payable | | | | $     624,869 |
| 7 | Cole Transportation Inc<br>1920 Duck Slough Blvd.<br>New Port Richey, FL 34655 | Attn: John Cole<br>Title: President<br>Phone: (727) 240-3363<br>Email: john.cole@colepallet.com | Trade Payable | | | | $     565,721 |
| 8 | Smith Transport<br>153 Smith Transport Rd<br>Roaring Spring, PA 16673 | Attn: Todd Smith<br>Title: President<br>Phone: 800-877-1173<br>Email: tsmith@i65transport.com | Trade Payable | | | | $     505,435 |
| 9 | S C Huntsman Trucking, LLC<br>4755 St Rt 309<br>Galion, OH 44833 | Attn: Scott Huntsman<br>Title: Owner<br>Phone: (419) 462-5223<br>Email: huntsmantrucking@yahoo.com | Trade Payable | | | | $     497,640 |
| 10 | Union Pacific Railroad<br>1400 Douglas St.<br>19th Floor<br>Omaha, NE 68197 | Attn: Jim Vena<br>Title: Chief Executive Officer<br>Phone: 402-544-5000<br>Email: jvena@up.com | Trade Payable | | | | $     443,621 |
| 11 | J. Gil Trucking<br>10135 Fm 1462<br>Alvin, TX 77511 | Attn: Noemi Gil-Rogers<br>Title: Office Manager<br>Phone: 281-331-2887<br>Email: jgiltrucking@outlook.com | Trade Payable | | | | $     365,217 |
| 12 | US Transportation Services, Inc.<br>1511 US Highway 1<br>Suite 101<br>Sebastian, FL 32958 | Attn: Chief Executive Officer<br>Phone: (772) 664-7770<br>Email: ericab@us-transportation.net | Trade Payable | | | | $     357,479 |

Debtor  Strategic Materials, Inc., et al.,                                                           Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telePhone number, and Email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially unsecured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Ardagh Glass, Inc. 10194 Crosspoint Blvd. Suite 410 Indianapolis, IN 46256 | Attn: Michael Dick Title: Chief Executive Officer Phone: (317) 558-1002 Email: mike.dick@ardaghgroup.com | Trade Payable | | | | $      341,784 |
| 14 | RADO Mechanical Group LLC 341 Gees Mill Business Pkwy NE Conyers, GA 30013 | Attn: Jon Dale Title: Co-Owner Phone: 770-602-3194 Email: info@radomechanicalgroup.com | Trade Payable | | | | $      311,254 |
| 15 | United Concrete and Gravel, Ltd. 1279 Sword Rd. Quesnel, BC V2J 3J4 | Attn: David Zacharias Title: Owner Phone: 250-992-7281 Email: quesneloffice@unitedconcrete.ca | Trade Payable | | | | $      295,734 |
| 16 | C. Ray Trucking, Inc. 15695 Salt Creek Road Dallas, OR 97338 | Attn: Clyde King Title: President Phone: (503) 838-6635 Email: clyde@c-raytrucking.com | Trade Payable | | | | $      265,106 |
| 17 | Star Line Trucking Corp. 18480 W. Lincoln Ave New Berlin, WI 53146 | Attn: Jesse Ball Title: President and Chief Executive Officer Phone: 262-786-8280 Email: jball@starlinetrucking.com | Trade Payable | | | | $      261,311 |
| 18 | Tzeng Long USA, Inc. 2801 South Vail Avenue Commerce, CA 90040 | Attn: Justine Chang Phone: (323) 722-5353 Email: Justine@tzenglong.com | Trade Payable | | | | $      259,041 |
| 19 | B A Roberts, Inc. 1817 W County Line Rd. Avon Park, FL 33825 | Attn: LT Galimba Title: President & Operations Manager Phone: (863) 452-6100 Email: tgalimba@barobertsinc.com | Trade Payable | | | | $      252,804 |
| 20 | Fairview Trucking 1801 S. Bluff Road Montebello, CA 90640 | Attn: Tammy Knutson Title: Chief Financial Officer Phone: 626-357-2177 Email: tknutson@westcoastfairview.com | Trade Payable | | | | $      246,101 |
| 21 | T and T Trucking, Inc. 11396 North Highway 99 Lodi, CA 95240 | Attn: Terry Tarditi Title: Owner Phone: (209) 931-6000 Email: jarbuckle@tttrucking.com | Trade Payable | | | | $      244,391 |
| 22 | Industrial Kiln and Dryer 12711 Townepark Way Louisville, KY 40253 | Attn: Randall Young Title: President Phone: (877) 316-6140 Email: contact@industrialkiln.com | Trade Payable | | | | $      218,242 |
| 23 | Kerr Farms LLC 10849 Coletown Lightsville Rd Ansonia, OH 45303 | Attn: Chief Executive Officer Phone: 812-369-1368 Email: Kerrfarmsllc@gmail.com | Trade Payable | | | | $      215,065 |
| 24 | Boxell Trucking, Inc. 524 West Mulberry St. Princeton, IN 47670 | Attn: Joey Boxell Title: President Phone: (812) 385-2752 | Trade Payable | | | | $      210,657 |
| 25 | Parallel Products 401 Industry Rd. Louisville, KY 40208 | Attn: Gene Kiesel Title: President and Chief Executive Officer Phone: 800-883-9100 Email: gkiesel@parallelproducts.com | Trade Payable | | | | $      208,375 |
| 26 | Brigade Site Services LLC 6735 Silvercrest Dr. Arlington, TX 76002 | Attn: Shkelzen Hasani Title: Owner Phone: (817) 584-4848 Email: Poppy@brigadesiteservices.com | Trade Payable | | | | $      207,997 |
| 27 | Allan Company 540 W Chevy Chase Dr Los Angeles, CA 90051-5633 | Attn: Jason Young Title: Chief Executive Officer Phone: (626) 962-4047 Email: jyoung@allancompany.com | Trade Payable | | | | $      202,764 |
| 28 | Motion Industries, Inc. File 749376 Los Angeles, CA 90074-9376 | Attn: Randall Breaux Title: President Phone: 800-526-9328 Email: randy_breaux@genpt.com | Trade Payable | | | | $      194,515 |

Debtor  Strategic Materials, Inc., et al.,

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telePhone number, and Email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | Nationwide Express 1211 E Lane St. Shelbyville, TN 37160 | Attn: Bobby Holcomb Title: Vice President of Business Development Phone: 800-456-1553 Email: bholcomb@nationwide-express.com | Trade Payable | | | | $         188,383 |
| 30 | Go-Ko, Inc. 1644 West Edgewood Ave. Ste D Indianapolis, IN 46217 | Attn: Linda Kopetsky Title: Owner Phone: 317-787-4285 Email: admin@gokoinc.com | Trade Payable | | | | $         182,177 |

**OMNIBUS JOINT UNANIMOUS WRITTEN CONSENT OF**

**THE BOARDS OF DIRECTORS AND THE SOLE MANAGER OR SOLE MEMBER**

**OF**

**SMI GROUP ACQUISITIONS, INC.,**
**STRATEGIC MATERIALS HOLDING CORP.,**
**STRATEGIC MATERIALS, INC.,**
**SMI EQUIPMENT, INC.,**
**AMERICAN SPECIALTY GLASS, INC.,**
**NEXCYCLE, INC.,**
**SMI REFLECTIVE RECYCLING NE HOLDCO, LLC,**
**SMI REFLECTIVE INDUSTRIES HOLDCO, LLC,**
**SMI REFLECTIVE RECYCLING HOLDCO, LLC,**
**SMI BEVCON HOLDCO, LLC,**
**SMI NUTMEG HOLDCO, LLC,**
**CONTAINER RECYCLING ALLIANCE, LLC, AND**
**RIPPLE GLASS, LLC**

**December 3, 2023**

The undersigned, being (a) all of the members of the board of directors of each of SMI Group Acquisitions, Inc., a Delaware corporation ("***Holdings***"), Strategic Materials Holding Corp., a Delaware corporation ("***Borrower***"), Strategic Materials, Inc., a Delaware corporation ("***SMI***"), SMI Equipment, Inc., a Delaware corporation ("***SMIE***"), American Specialty Glass, Inc., a Delaware corporation ("***ASG***"), and NexCycle, Inc., a Delaware corporation ("***NexCycle***"), (b) the sole manager of each of SMI Reflective Recycling NE HoldCo, LLC, a Delaware limited liability company ("***SMIRR***"), SMI Reflective Industries HoldCo, LLC, a Delaware limited liability company ("***SMIRI***"), SMI Reflective Recycling HoldCo, LLC, a Delaware limited liability company ("***SMIRH***"), SMI Bevcon HoldCo, LLC, a Delaware limited liability company ("***SMIB***"), SMI Nutmeg HoldCo, LLC, a Delaware limited liability company ("***SMIN***"), and Container Recycling Alliance, LLC, a Delaware limited liability company ("***CRA***"), and (c) the sole member of Ripple Glass, LLC, a Delaware limited liability company ("***Ripple***", and together with Holdings, Borrower, SMI, SMIE, ASG, NexCycle, SMIRR, SMIRI, SMIRH, SMIB, SMIN and CRA, the "***Companies***" and each, a "***Company***" and collectively, the "***Consenting Parties***") (each such director, manager or member of the Companies, as applicable, a "***Consenting Party***"), in lieu of a meeting of the undersigned and acting pursuant to Section 141(f) of the Delaware General Corporation Law or Section 18-404(d) of the Delaware Limited Liability Company Act, as applicable, do hereby consent to and adopt the following resolutions:

**WHEREAS**, the Consenting Parties have considered the financial condition of each applicable Company, including such Company's liabilities and liquidity, the short-term and long-term prospects available to such Company, the strategic alternatives available to such Company, and the related circumstances and situation;

**WHEREAS**, each Consenting Party has consulted with the Companies' financial and legal advisors and considered strategic alternatives available to each applicable Company;

**WHEREAS**, each Company has been engaged in discussions with an ad hoc group of lenders (the "***First Lien Lender Group***") under that certain First Lien Credit Agreement, dated as of November 1, 2017,

among Borrower, Holdings, the lenders from time to time party thereto, and Acquiom Agency Services LLC and Seaport Loan Products LLC, in their respective capacities as co-administrative agent (the "***Agents***") (as successor to Goldman Sachs Bank USA) (as amended, amended and restated, modified, or supplemented from time to time, the "***First Lien Credit Agreement***") and that certain Second Lien Credit Agreement, dated as of November 1, 2017, among Borrower, Holdings, the lenders from time to time party thereto, and the Agents (as amended, amended and restated, modified, or supplemented from time to time, the "***Second Lien Credit Agreement***");

WHEREAS, each Company is party to that certain Restructuring Support Agreement (the "***Restructuring Support Agreement***"), dated as of September 15, 2023, among (a) each Company, (b) certain holders of, or nominees, investment advisors, sub-advisors, or managers of funds or accounts that hold claims under (i) the First Lien Credit Agreement, (ii) the Second Lien Credit Agreement, (iii) that certain 1.5 Lien Credit Agreement, dated as of September 22, 2022, among Borrower, Holdings, the lenders from time to time party thereto, and Alter Domus (US) LLC, as administrative agent (as amended, amended and restated, modified, or supplemented from time to time, the "***1.5 Lien Credit Agreement***"), (iv) that certain Superpriority Secured Credit Agreement, dated as of September 15, 2023, among Borrower, Holdings, the lenders from time to time party thereto, and the Agents (as amended, amended and restated, modified, or supplemented from time to time, the "***Superpriority Credit Agreement***," and collectively with the First Lien Credit Agreement, 1.5 Lien Credit Agreement, and Second Lien Credit Agreement, the "***Prepetition Credit Agreements***"); and (c) SMI Group Holdings, LLC (collectively with the parties identified in clause (b) hereof, the "***Secured Parties***");

WHEREAS, pursuant to the Restructuring Support Agreement, the Companies agreed to (a) market for sale all of the Companies' assets and property and consider bids for all or substantially all of the Companies' assets and property to a qualified bidder and/or (b) pursue a prepackaged chapter 11 plan (the "***Plan***") under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") to implement either (i) a sale resulting from sale process described in clause (a) above or (ii) an equitization transaction;

WHEREAS, in connection with the Restructuring Support Agreement, the Companies entered into the Superpriority Credit Agreement to provide the Companies with, among other things, sufficient liquidity and runway to implement the transactions contemplated in the Restructuring Support Agreement;

WHEREAS, each Company, with the assistance of their advisors, conducted an extensive marketing process for the potential sale of the Companies and/or their respective assets consistent with the procedures set forth in the Restructuring Support Agreement (the "***Sale Process***");

WHEREAS, in accordance with the Restructuring Support Agreement, the Companies prepared a solicitation package including a Disclosure Statement for the Plan (including all schedules and exhibits thereto, the "***Disclosure Statement***," and together with the Plan, the "***Chapter 11 Documents***") and related ballots, notices, and other materials distributed to the holders of certain claims against the Companies in connection with soliciting their votes to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code and any applicable non-bankruptcy laws and within the meaning of section 1126 of the Bankruptcy Code (the "***Solicitation***");

WHEREAS, pursuant to the milestones set forth in the Restructuring Term Sheet, as extended by the First Lien Lender Group, the Companies commenced solicitation of the Plan on November 15, 2023;

WHEREAS, the Consenting Parties have reviewed the Plan and the Restructuring Support Agreement, which, absent a qualifying sale transaction from the Sale Process, provide that the Companies will implement a transaction pursuant to the equitization provisions of the Plan;

WHEREAS, certain of the Secured Parties have agreed to provide post-petition financing to Borrower under a debtor-in-possession credit agreement, on the terms and subject to the conditions set forth in a Superpriority Secured Debtor-in-Possession Credit Agreement (the "*DIP Credit Agreement*"), to be entered into by Borrower, Holdings, the lenders party thereto (collectively, the "*DIP Lenders*," and each, a "*DIP Lender*") and Acquiom and Seaport, as co-administrative agents (collectively, the "*DIP Agents*"), pursuant to which (a) the DIP Lenders will provide to the Borrower a $[23,000,000] senior secured, superpriority debtor-in-possession new money term loan facility and (b) the outstanding principal and accrued and unpaid interest under the Superpriority Credit Agreement will be "rolled up" into a senior secured, superpriority debtor-in-possession roll-up loan facility (collectively, the "*DIP Facilities*");

WHEREAS, the Companies will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "*Cash Collateral*"), which is security for the obligations owed to the Secured Parties by the Companies;

WHEREAS, the Companies will obtain benefits from the incurrence of the loans and other financial accommodations under the DIP Credit Agreement and the occurrence and consummation of the financing transactions under the DIP Credit Agreement, together with any other agreements or documentation relating thereto (collectively, the "*DIP Loan Documents*"), which are necessary and appropriate to the conduct, promotion, and attainment of the business of the Companies;

WHEREAS, the Consenting Parties have determined that it is advisable and in the best interests of each applicable Company to (a) pursue the Plan under Chapter 11 the Bankruptcy Code consistent with the Restructuring Support Agreement and (b) execute, deliver, and file or cause to be filed with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*U.S. Bankruptcy Court*"), any and all documents necessary or convenient to effect, cause or promote the restructuring of the Companies under the Bankruptcy Code pursuant to the Plan and in accordance with the Restructuring Support Agreement;

WHEREAS, the Consenting Parties desire for each applicable Company to file or cause to be filed voluntary petitions for relief pursuant to the Bankruptcy Code with the U.S. Bankruptcy Court and are approving such filings contemporaneously with the adoption of these resolutions; and

WHEREAS, after review of (i) the financial condition of each applicable Company, the short-term and long-term prospects available to each applicable Company, the strategic alternatives available to each applicable Company, and the related circumstances and situation, (ii) the terms of the Restructuring Support Agreement, the Plan, and related documentation, (iii) the availability of the DIP Facilities and consensual use of the Cash Collateral and (iv) such other considerations as each Consenting Party deems relevant, each Consenting Party, following consultation with the financial and legal advisors to the Companies, have determined that it is advisable and in the best interests of each applicable Company to pursue the transaction contemplated in the Restructuring Support Agreement via the Plan and other Chapter 11 Documents, as approved in these resolutions.

## Chapter 11 Filing

NOW, THEREFORE, BE IT RESOLVED, that the Consenting Parties hereby determine that it is advisable and in the best interest of each Company, as applicable, to file voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court (the "*Petitions*"), consistent with the resolutions set forth herein;

FURTHER RESOLVED, that the officers of the relevant Companies (each, an "*Authorized Officer*"), acting alone or with one or more other Authorized Officers, are hereby authorized and empowered to take such

3

actions and negotiate or cause to be prepared and negotiated and to execute and file the Petitions to commence the Chapter 11 cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the restructuring transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Company is hereby authorized to file or cause to be filed the Petitions with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone or with one or more other Authorized Officers, is hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of each Company, as applicable, the Petitions, in such form as prescribed by the Official Forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that, upon the filing of the Petitions as authorized by the preceding resolution, each Authorized Officer, acting alone or with one or more other Authorized Officers, is hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of each Company, as applicable, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 cases pursuant to the Bankruptcy Code (the "***Chapter 11 Cases***") and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, authorized and empowered to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of each Company, as applicable, all papers and pleadings that such Authorized Officer believes to be necessary or desirable to effect, cause or further the restructuring of each Company, as applicable, under Chapter 11 the Bankruptcy Code and any and all other documents necessary to effectuate the Plan, including the Disclosure Statement and any documents related thereto, together with any amendments or modifications thereto, or any restatements thereof, in each case, as the Authorized Officer may approve;

**Debtor-in-Possession Financing; Cash Collateral; Adequate Protection**

**FURTHER RESOLVED**, that the Consenting Parties hereby authorize and approve, in all respects, the entry of the Companies, as applicable, into the DIP Credit Agreement and the DIP Loan Documents, and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone or with one or more other Authorized Officers, is hereby authorized and empowered to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause, as applicable, each Company to perform its obligations under the DIP Loan Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with the Chapter 11 Cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the restructuring transactions contemplated in the Plan, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Company shall be, and hereby is, authorized to: (i) undertake any and all transactions contemplated by the DIP Loan Documents, on substantially the terms and subject to the

4

conditions set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by the applicable Consenting Party or any of the applicable Authorized Officers, acting alone or with one or more other Authorized Officers; (ii) borrow funds from the DIP Lenders in accordance with the DIP Loan Documents; (iii) grant a security interest and continuing lien on substantially all of its assets to secure the obligations under the DIP Loan Documents; (iv) in the case of Companies other than the Borrower, guarantee the Borrower's obligations under the DIP Credit Agreement and the other DIP Loan Documents (clauses (i) through (iv) collectively, the "***Financing Transactions***"); (v) execute and deliver and cause each Company to incur and perform its obligations under the DIP Loan Documents and Financing Transactions; (vi) finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to the applicable Consenting Parties or as may hereafter be fixed or authorized by the applicable Consenting Party or any of the applicable Authorized Officers, acting alone or with one or more other Authorized Officers; and (vii) pay related fees and grant security interests in and liens upon some, any or all of the assets of each Company, as may be deemed necessary by any Authorized Officer in connection with such Financing Transactions;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered in the name of, and on behalf of, each Company, as applicable, as a debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause each Company, as applicable, to incur and perform its obligations under the DIP Loan Documents, any secured cash management agreements, and all other agreements, instruments and documents (including, without limitation, any and all other joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, authorized and empowered to authorize the DIP Lenders or the DIP Agents, on behalf of the DIP Lenders, to file any Uniform Commercial Code ("***UCC***") financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of any of the Companies that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Lenders may reasonably request to perfect the security interests granted under the DIP Loan Documents;

**FURTHER RESOLVED**, that each Authorized Officer be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP financing documents, and to execute and file on behalf of each Company, as applicable, all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

4889-6991-8589

FURTHER RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company is authorized to provide certain adequate protection to the Secured Parties (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (any such order, the "**Interim DIP Order**") and a proposed final order (any such order, the "**Final DIP Order**," and together with the Interim DIP Order, the "**DIP Orders**") described to the applicable Consenting Parties and submitted for approval to the U.S. Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, as applicable, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together with the DIP Orders, collectively, the "**DIP Documents**"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the applicable Consenting Parties, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

FURTHER RESOLVED, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "**Adequate Protection Transactions**");

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and empowered, and each of them acting alone be, and hereby is, authorized and empowered in the name of, and on behalf of, each Company, as applicable, to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "**Adequate Protection Documents**"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Secured Parties; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

FURTHER RESOLVED, that each Authorized Officer be, and hereby is, authorized and empowered in the name of, and on behalf of, each Company, as applicable, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of each Company, as applicable, in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or advisable to perform any obligations of each Company, as applicable, under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these resolutions;

## Retention of Professionals

FURTHER RESOLVED, that each Consenting Party hereby approves each applicable Company's engagement of Vinson & Elkins L.L.P. ("**V&E**") and Wachtell Lipton Rosen & Katz ("**Wachtell**," and together with V&E, "**Restructuring Counsel**") as bankruptcy counsel to represent and assist the Companies, as applicable, in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance each Company's rights and obligations, as applicable, including filings and pleadings, and each Authorized Officer is hereby authorized and

empowered to take such actions as may be required to so engage Restructuring Counsel for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Restructuring Counsel;

**FURTHER RESOLVED**, that each Consenting Party hereby approves each applicable Company's engagement of Moelis & Company ("***Moelis***") as investment banker to represent and assist the Companies in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance each Company's rights and obligations, as applicable, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Moelis for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Moelis;

**FURTHER RESOLVED**, that each Consenting Party hereby approves each applicable Company's engagement of Alvarez & Marsal, LLC ("***A&M***") to represent and assist the Companies in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance each Company's rights and obligations, as applicable, and each Authorized Officer (other than Scott Pinsonnault) is hereby authorized and empowered to take such actions as may be required to so engage A&M for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of A&M;

**FURTHER RESOLVED**, that each Consenting Party hereby approves each applicable Company's engagement of Kroll Restructuring Administration LLC ("***Kroll***") as notice, claims and solicitation agent to represent and assist the Companies in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance each Company's rights and obligations, as applicable, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Kroll for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kroll;

**FURTHER RESOLVED**, that each Consenting Party hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist each Company, as applicable, in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**General**

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized and empowered, on behalf of each Company, as applicable, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee, or representative of any Company in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved.

[*The remainder of this page is intentionally blank.*]

8

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**THE DIRECTORS OF:**

**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**

_____
Chris Dods


_____
Paul Garris


_____
Steven G. Raich


_____
Brian Michaud


_____
Brian Ramsay


_____
Aaron Pomeroy


_____
Timothy Pohl

[Signature Page to the Omnibus Joint Written Consent of
**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**]

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**THE DIRECTORS OF:**

**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**

_____
Chris Dods

_____
Paul Garris

_____
Steven G. Raich

_____
Brian Michaud

_____
Brian Ramsay

_____
Aaron Pomeroy

_____
Timothy Pohl

[Signature Page to the Omnibus Joint Written Consent of
**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**]

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**THE DIRECTORS OF:**

**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**


_____
Chris Dods


_____
Paul Garris


_____
Steven G. Raich


_____
Brian Michaud


_____
Brian Ramsay


_____
Aaron Pomeroy


_____
Timothy Pohl


[Signature Page to the Omnibus Joint Written Consent of
**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**]

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**THE DIRECTORS OF:**

**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**

_____
Chris Dods


_____
Paul Garris


_____
Steven G. Raich


_____
Brian Michaud


_____
Brian Ramsay


_____
Aaron Pomeroy


_____
Timothy Pohl

[Signature Page to the Omnibus Joint Written Consent of
**SMI GROUP ACQUISITIONS, INC.**
**STRATEGIC MATERIALS HOLDING CORP.**]

4889-6991-8589

**THE DIRECTORS OF:**

**STRATEGIC MATERIALS, INC.,**
**SMI EQUIPMENT, INC.,**
**AMERICAN SPECIALTY GLASS, INC., AND**
**NEXCYCLE, INC.**

_____

Chris Dods


_____

Paul Garris

[Signature Page to the Omnibus Joint Written Consent of
**STRATEGIC MATERIALS, INC.,**
**SMI EQUIPMENT, INC.,**
**AMERICAN SPECIALTY GLASS, INC., AND**
**NEXCYCLE, INC.**]

**THE DIRECTORS OF:**

**STRATEGIC MATERIALS, INC.,**
**SMI EQUIPMENT, INC.,**
**AMERICAN SPECIALTY GLASS, INC., AND**
**NEXCYCLE, INC.**

_____

Chris Dods

_____

Paul Garris

[Signature Page to the Omnibus Joint Written Consent of
**STRATEGIC MATERIALS, INC.,**
**SMI EQUIPMENT, INC.,**
**AMERICAN SPECIALTY GLASS, INC., AND**
**NEXCYCLE, INC.**]

**STRATEGIC MATERIALS, INC., THE SOLE MANAGER OF EACH OF:**

**CONTAINER RECYCLING ALLIANCE, LLC**
**SMI REFLECTIVE RECYCLING NE HOLDCO, LLC,**
**SMI REFLECTIVE INDUSTRIES HOLDCO, LLC,**
**SMI REFLECTIVE RECYCLING HOLDCO, LLC,**
**SMI BEVCON HOLDCO, LLC, AND**
**SMI NUTMEG HOLDCO, LLC**

By: _____
Name:  Paul Garris
Title:   Senior Vice President and Chief Financial Officer


**STRATEGIC MATERIALS, INC., THE SOLE MEMBER OF:**

**RIPPLE GLASS, LLC**

By: _____
Name:  Paul Garris
Title:   Senior Vice President and Chief Financial Officer


[Signature Page to the Omnibus Joint Written Consent of
**CONTAINER RECYCLING ALLIANCE, LLC**
**SMI REFLECTIVE RECYCLING NE HOLDCO, LLC,**
**SMI REFLECTIVE INDUSTRIES HOLDCO, LLC,**
**SMI REFLECTIVE RECYCLING HOLDCO, LLC,**
**SMI BEVCON HOLDCO, LLC,**
**SMI NUTMEG HOLDCO, LLC, AND**
**RIPPLE GLASS, LLC**]

<table>
<tr><td colspan="3" style="background:black;color:white"><b>Fill in this information to identify the case and this filing:</b></td></tr>
</table>

Debtor Name **NexCycle, Inc.**

United States Bankruptcy Court for the: **Southern** District of **Texas**
                                                                     (State)

Case number (*If known*):   **23-[●]**

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/04/2023**            ✗ **/s/ Paul Garris**
              MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                               **Paul Garris**
                                               Printed name

                                               **Senior Vice President and Chief Financial** Officer
                                               Position or relationship to debtor